RECEIVED

MAY 29 2009

LEGAL DEPARTMENT



## State of Tennessee

### Department of State

Division of Business Services
312 Rosa L Parks Ave
8th Floor Wm. R. Snodgrass Tower
Nashville, Tennessee 37243

O30 —
149355

5/26/2009
*Date*

70090080000099475990
*Certified Number*

File No:  09C693

Company:  **LEXINGTON INSURANCE COMPANY**

Name:

Agent/POE:

Address:  100 SUMMER STREET
BOSTON, MA 02110

Country:

RE:  REBECCA RODDY

VS:  LEXINGTON INSURANCE COMPANY

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney

Sincerely,

*Tre Hargett*

enclosures
Initia  GRR
CC:

Tre Hargett
Secretary of State

SS-4214 (Rev. 3/97)

**EXHIBIT**
A

RDA 1003

# State of Tennessee

## In the Circuit Court of Hamilton County

Rebecca Reddy
_____
Plaintiff

No. 09CL093

Lexington Insurance Company
_____
Defendant

## SUMMONS

TO: Lexington Ins. Company      100 Summer Street, Boston, Ma 02110
_____          _____
Defendant                         Address

_____          _____
Defendant                         Address

_____          _____
Defendant                         Address

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 20th day of May , 20 09

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Paula T. Thompson. Circuit Court Clerk

By_____
Deputy Circuit Court Clerk

Attorneys for Plaintiff _____

_____
Address

Plaintiff's Address _____

Received this _____ day of _____ , 20 _____

/S/_____
Deputy Sheriff

ADA COORDINATOR. FOR ASSISTANCE CALL (209-6120)

# State of Tennessee,
## County of Hamilton

I, Paula T. Thompson, Clerk of the Circuit Court in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20 __ ____ . I delivered a copy of the summons and complaint to the defendant, _____

☐ Failed to serve this summons within 30 days after its issuance because:

_____

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____ .

_____
Defendant

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

### Notice to Defendant(s)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits. the family Bible, and school books. Should any of these items by seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish seek the counsel of a lawyer

Case 1:09-cv-00174-CLC-WBC   Document 1-1   Filed 06/25/09   Page 3 of 7   PageID #: 6

## IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

REBECCA RODDY,
Plaintiff,

NO. 09CV093

DIV. _____

vs.

LEXINGTON INSURANCE COMPANY,
Defendant

## COMPLAINT

Comes the Plaintiff, Rebecca Roddy, and for her cause of action would show unto the

Court as follows:

1.  The Plaintiff, Rebecca Roddy, at all material times was and is a resident of

    Chattanooga, Hamilton County, Tennessee.

2.  The Defendant, Lexington Insurance Company, at all material

    times was transacting business in the State of Tennessee and issuing

    policies of insurance coverage to the consumer within the State of

    Tennessee, including Hamilton County, Tennessee.

3.  The Plaintiff was the owner of a home located at 329 Stringer Street,

    Chattanooga. Hamilton County, Tennessee, 37405. The plaintiff had

    purchased a home insurance policy from the defendant which included

    coverages for physical loss of the home and its contents for various

    reasons, including fire. The aforesaid policy is attached hereto as Exhibit

    1 and incorporated by reference herein. At all material times the plaintiff

    avers that coverages afforded in the aforesaid home policy were in full

force and effect.

4. On or about May 21, 2003, a fire engulfed the home owned by the plaintiff developing in the total loss of the home and all contents contained therein.

5. The defendant Lexington Insurance company paid the Plaintiff the amount of approximately Seventy Eight Thousand Seven Hundred Eighty Seven Dollars and Thirty Two Cents ($78,787.32) of which One Thousand Dollars ($1,000) was withheld for deduction making the actual amount Seventy Seven Thousand Seven Hundred Eighty Seven Dollars and Thirty Two Cents ($77,787.32) for partial loss of the home pursuant to the terms and conditions contained in the home policy issued by the Defendants and owned by the Plaintiff.

6. The Plaintiff was asked by the Defendant and to furnish a personal property inventory outlining all personal property owned by the Plaintiff that was destroyed by the fire which engulfed the home on May 21, 2003. The Plaintiff, in compliance with the request by the Defendant, furnished a complete personal property listing which was received by the Defendant and paid.

7. Since the partial payment for the damage to the structure. it has determined that the structure was a total loss. According to the policy provision Plaintiff is owed approximately Fifty-One Thousand Two Hundred Twelve and Sixty Eight cents ($51,212.68) representing the

difference between the payment made and the total loss value of One-Hundred Thirty Thousand Dollars ($130,000.00)

8. In spite of repeated requests by the Plaintiff to pay the remaining Fifty-One Thousand Two Hundred Twelve and Sixty cents ($51,212.68), The Defendant has failed and refused to issue payment to the Plaintiff pursuant to the terms of policy of insurance owned by the Plaintiff and issued by the Defendant at the time of the fire. The aforesaid failure to issue payment for the Plaintiff's loss has resulted in extreme hardship and emotion distress for the plaintiff, due to the actions of the Defendant's constitute of bad faith.

9. In addition, Plaintiff is entitled to Six Thousand Dollars ($6,000.00) for landscaping and Six Thousand Dollars ($6,000.00) for the demolition reimbursement, according to the provisions of the policy.

10. The actions of the Defendant in failing and refusing to pay pursuant to the terms of the contract constitute a violation of the Tennessee Consumers Protection Act.

PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That she be awarded the sum of Sixty-Three Thousand Two Hundred Twelve and Sixty Eight cents ($63,212.68) in compensatory damages.

2. That she be awarded One Hundred Thousand Dollars ($100,000) in punitive damages due to the willful and intentional acts committed by the

defendant in the failure to pay under the terms and conditions of the policy

of insurance coverage's sold to the Plaintiff.

3. That Plaintiff be awarded post pre-judgment and post judgment interest on
   the amount awarded as judgment.

4. That Plaintiff have such further and general relief to which she is entitled.

5. That a jury of twelve (12) people try all of the issues enjoined in this
   matter.

Respectfully submitted,

By Rebecca Koddy

5/20/09