UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

REBECCA RODDY,               )
                             )      Case No. 1:09-cv-174
Plaintiff,                   )
                             )
v.                           )
                             )      Chief Judge Curtis L. Collier
LEXINGTON INSURANCE CO.,     )
                             )
Defendant.                   )

## MEMORANDUM

Before the Court are a motion to remand to state court, a motion to amend or revise the complaint filed by Plaintiff Rebecca Roddy ("Plaintiff") (Court File Nos. 9, 11), and a joint motion by Plaintiff and Defendant Lexington Insurance Co. ("Defendant") to remand to state court (Court File No. 13). For the following reasons, the motions will be **DENIED** (Court File Nos. 9, 11, 13).

### I.   RELEVANT FACTS

Plaintiff filed a complaint against Defendant in the Circuit Court of Hamilton County, Tennessee, for failure to pay Plaintiff for losses she sustained when a fire engulfed her home. Plaintiff sought $63,212.68 in compensatory damages and $100,000 in punitive damages (Court File No. 1, Ex. 1). Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441 (Court File No. 1).

### II.  STANDARD OF REVIEW

A defendant may remove any civil action filed in state court to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court.

28 U.S.C. § 1441. The removing party bears the burden of establishing removal was proper. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is construed strictly and narrowly against removal. *Her Majesty the Queen*, 874 F.2d at 339. If doubt exists as to the propriety of removal, the case should be remanded to state court. *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).

### III. DISCUSSION

Diversity jurisdiction exists where a lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A defendant removing a case to federal court on the basis of diversity of citizenship jurisdiction has the burden of proving these jurisdictional requirements exist at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Removal is appropriate where damages are "more likely than not" to meet the amount in controversy requirement. *Id.* Jurisdiction is determined at the time of removal and "subsequent events, 'whether beyond the plaintiff's control or the result of his own volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). However, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Casualty Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (quoting *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005)) (internal quotation marks omitted).

At the time of removal, Plaintiff's complaint requested $63,212.68 in compensatory damages and $100,000 in punitive damages. Punitive damages may be considered in the jurisdictional analysis "unless it is apparent to a legal certainty that such cannot be recovered." *Smith*, 505 F.3d at 408 (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)) (internal quotation marks omitted). Since punitive damages are recoverable in Tennessee for insurance breach of contract claims, *see Whaley v. Perkins*, 197 S.W.3d 665, 669 (Tenn. 2006), the Court cannot determine such damages are legally certain not to be recovered. As such, the amount in controversy exceeds the $75,000 jurisdictional threshold. Since removal was proper, the Court has subject matter jurisdiction and the case should not be remanded.

Plaintiff moves to amend her complaint to dismiss her claim for punitive damages, for pre and post judgment interest, for $6,000 in landscaping and $6,000 in demolition reimbursement (Court File No. 9). She further moves to allege an ad damnum of $51,212.68 in bad faith penalty for a total ad damnum of $64,015.58. This motion was filed on the same day as Plaintiff's motion to remand to state court, was incorporated by reference in her motion to remand to state court, and appears calculated to divest the Court of diversity jurisdiction. Since the proposed amendment of the complaint would not affect the Court's jurisdiction over the action, the Court will deny the motion to amend without prejudice. Should Plaintiff seek to amend her complaint to dismiss claims, she can refile the motion.

**IV.** **CONCLUSION**

As discussed above, the Court will **DENY** Plaintiff's motion to remand (Court File No. 11) and the joint motion to remand (Court File No. 13). The Court will also **DENY** without prejudice

Plaintiff's motion to amend or revise the complaint (Court File No. 11).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4